IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Kyle Robison, )
)
    Plaintiff, )
)
v. ) No. 4:24-cv-374
)
Americollect, Inc., a Wisconsin )
corporation, )
)
    Defendant. ) <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Kyle Robison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Kyle Robison ("Robison"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a defaulted consumer debts that he allegedly owed to Excelsior Springs Hospital.

4. Defendant, Americollect, Inc. ("Americollect"), is a Wisconsin corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to

collect, defaulted consumer debts that it did not originate. Americollect operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri.

5. Defendant Americollect is not licensed to conduct business in the State of Missouri. However, Americollect does conduct business and was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including consumer debts (incurred for personal, family or household purposes) that he allegedly owed for medical services to the Excelsior Springs Hospital (the "Excelsior" debts). Sometime after these debts went into default, Defendant began collecting these debts from him.

7. As is his right under the FDCPA, Mr. Robison responded to Defendant's collection actions on May 9, 2024, with letters disputing these debts and demanding that Defendant cease communications with him about the debts. Copies of these letters are attached as Group Exhibit A.

8. Mr. Robison's letters were sent to Defendant Americollect via U.S. Mail, First Class postage pre-paid, to the address which Americollect has listed with the Nationwide Multistate Licensing System for contact, see, NMLS Consumer Access report, attached as Exhibit B. The letters were not returned by the post office as undeliverable.

9. Undeterred, Defendant called Mr. Robison, on May 23, 2024, attempting to collect the Excelsior debts from him. A screen shot of the Americollect telephone call

2

is attached as Exhibit C.

10. As a result of Defendant's continued attempt to collect the Excelsor debts from him, after he had told Americollect to cease contacting him, Mr. Robison was forced to take an action to his detriment, by taking the time, effort and/or expense of having his attorney send a letter, instructing Defendant to stop contacting him. A copy of this letter is attached as Exhibit D.

## ARTICLE III STANDING

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers. Specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

13. Defendant's continued collection actions were a direct invasion of Mr. Robison's legally-protected right to be left alone and his right to privacy/seclusion – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021); Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021); and Denmon v. Kansas Counselors, Inc., 661

3

F.Supp.3d 914 (W.D.Mo. 2023), reconsideration denied, Denmon v. Kan. Couns., Inc., 2023 U.S.Dist.LEXIS 195667 (W.D.Mo. Nov. 1, 2023).

14. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Robison, invaded his right to privacy/seclusion, caused him to have to retain counsel to direct Americollect to leave him alone, and cost him out-of-pocket expenses.

## Violation Of § 1692c(c) Of the FDCPA --
## Failure To Cease Communications/Cease Collections

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see 15 U.S.C. § 1692c(c).

16. Here, the letters from Mr. Robison told Defendant that Defendant should cease contacting him about the medical debts (Group Exhibit A). By continuing to contact Mr. Robison regarding the debts, Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kyle Robison, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Robison, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kyle Robison, demands trial by jury.

           Kyle Robison,

           By: s/ James R. Crump
           One of Plaintiff's Attorneys

           By: s/ David J. Philipps
           One of Plaintiff's Attorneys

Dated: May 31, 2024

James R. Crump (#78704)
Ryan M. Callahan (#25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps (Ill. Bar No. 06196285)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com